[No. 48724-3.   En Banc.   February 10, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN TURNER, ET AL, *Appellants.*

*Bruce D. Hovey,* for appellants.

*Don Herron, Prosecuting Attorney,* and *Douglas H. Brown, Deputy,* for respondent.

UTTER, J.—These consolidated cases present the issue of whether a recent amendment to Washington's compulsory school attendance law (Laws of 1979, 1st Ex. Sess., ch. 201) reinvested the juvenile courts with jurisdiction over school truants such as appellants. The court below ruled that it had such jurisdiction, fined appellants, and later held them in contempt for failure to comply with a corresponding court order that they return to school. We reverse, holding that a juvenile court has no jurisdiction over school truants beyond that which it has over any juvenile under the child dependency laws (RCW 13.34.010 *et seq.*).

Appellants Steven Turner, Jocelyn White, Cyndi Carothers, and Bruce Smith are juveniles residing in Tacoma. They are also habitual truants. The case of each has followed essentially the same fact pattern, though the timing of events has differed slightly for each.

During the second half of the 1980–81 school year, the State filed petitions in Pierce County Juvenile Court. The petitions were captioned "Petition to Assume Jurisdiction and for Determination of Violation under RCW 28A.27-.010". (RCW 28A.27 is this state's compulsory school attendance law.) Following hearings on the State's petitions, the court, purportedly acting under authority of RCW 28A.27, fined each appellant $25 for each day of unexcused absence, the total fines ranging from $900 to $2,400. The court also ordered that appellants attend school in the future and suspended their fines on condition that they do so.

Appellants, however, continued their truant habits. Sev-

eral months later, upon petition by the State, the court ordered appellants to show cause why they should not be held in contempt. At subsequent hearings, the court found each appellant in contempt and sentenced each to serve 30 days at Remann Hall, the Pierce County juvenile detention facility. In addition, the court found that appellants had violated the conditions for suspension of their fines and entered judgment against each in the amount of his or her fine. This appeal followed.

■ The State initially contends that these cases are moot because appellants have already fully served their sentences. A case is moot if the issues it presents are "purely academic". *Grays Harbor Paper Co. v. Grays Harbor Cy.*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968). It is not moot, however, if a court can still provide effective relief. *Pentagram Corp. v. Seattle,* 28 Wn. App. 219, 223, 622 P.2d 892 (1981).

Here, we can still provide effective relief. The judgments for appellants' fines were not erased by their incarceration and nothing in the record indicates that the fines do not remain outstanding. Moreover, while this court can no longer prevent appellants' incarceration, that incarceration probably has collateral consequences of sufficient moment to make its validity a matter of more than academic interest. *Cf. Pennsylvania v. Mimms,* 434 U.S. 106, 108 n.3, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977); *Sibron v. New York,* 392 U.S. 40, 53–54, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968). This court can therefore supply effective relief by relieving appellants of their liabilities and cleansing their records.

While the State concedes that direct juvenile court jurisdiction over truants was removed in 1977 (*see* AGO 6, at 3–4 (1980), citing Laws of 1977, 1st Ex. Sess., ch. 291), it argues that that jurisdiction was restored by a 1979 amendment (*see* Laws of 1979, 1st Ex. Sess., ch. 201). At oral argument, counsel for the State further conceded that reading such jurisdiction into RCW 28A.27, even as presently written, would require us to redraft the statute. The State contends, however, that ambiguity created by the

1979 amendment necessitates *some* judicial clarification in any event. We agree, but conclude that the reading suggested by the State does not accord with the Legislature's intent.

On its face, RCW 28A.27 places no duty upon truants themselves. The only section of RCW 28A.27 which expressly imposes any duty regarding school attendance is RCW 28A.27.010. That section provides that "[a]ll parents, guardians and the persons in this state having custody of any child eight years of age and under fifteen years of age shall cause such child to attend . . . school". Failure to fulfill this duty subjects the violator to a fine of not more than $25 for each day of unexcused absence. RCW 28A.27.100. Neither RCW 28A.27.010 nor any other section of RCW 28A.27 expressly places a duty on the truant.

On the other hand, a statutory scheme must be read as a whole. *Automobile Drivers Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 420, 598 P.2d 379 (1979). When this is done, RCW 28A.27 becomes somewhat more ambiguous.

The main cause of confusion, added by the 1979 amendment (*see* Laws of 1979, 1st Ex. Sess., ch. 201, § 2), is RCW 28A.27.022. That section provides:

> If action taken by a school pursuant to RCW 28A.27-.020 is not successful in substantially reducing a student's absences from school, the attendance officer of the school district through its attorney may petition the juvenile court to assume jurisdiction under this chapter for the purpose of alleging a violation of RCW 28A.27.010. If the court assumes jurisdiction in such an instance, the provisions of this chapter, except where otherwise stated, shall apply.

This arguably suggests that juveniles themselves may violate RCW 28A.27.010, since juvenile courts usually have no jurisdiction over adults (*In re Lesperance,* 72 Wn.2d 572, 576, 434 P.2d 602 (1967); *but see* RCW 13.04.030(3) (juvenile court jurisdiction over adults in proceedings relating to termination of parent–child relationship)). The language of RCW 28A.27.070 and RCW 28A.27.100 also seems to sup-

port such a construction,[1] though their weight is lessened by the fact that the pertinent language existed prior to 1979 when the State concedes the juvenile court did not have jurisdiction over truants.

Though the ambiguous provisions cited can be explained in other ways, RCW 28A.27 is not a model of clarity. While perhaps not creating the metaphorical sea of confusion, it leaves at least a puddle. It is therefore appropriate to turn to the legislative history of the statute. *See State v. Coma,* 69 Wn.2d 177, 182, 417 P.2d 853 (1966).

RCW 28A.27.022, as noted above, was enacted in 1979. *See* Laws of 1979, 1st Ex. Sess., ch. 201, § 2. The final revision of the bill in which it was included, Engrossed Substitute House Bill 1258 (ESHB 1258), underwent several changes. Those changes, and comments made upon the bill during its consideration, lay to rest all doubts about the legislative intent underlying RCW 28A.27.022.

▪ The bill originally introduced, House Bill 1258 (HB 1258), would have added what is now RCW 28A.27.022 to RCW 13.34, which deals with child dependency and neglect. The duty of parents to ensure that their children attend school was to be enforced by permitting their failure to do so to be used as evidence in determining the appropriate

---

[1]RCW 28A.27.070 provides:

> Any attendance officer, sheriff, deputy sheriff, marshal, policeman, or any other officer authorized to make arrests, shall take into custody without a warrant a child who is *required under the provisions of RCW 28A.27.010 through 28A.27.130* to attend school, such child then being a truant from instruction at the school which he is *lawfully required to attend,* and shall forthwith deliver a child so detained either (1) to the custody of a person in parental relation to the child or (2) to the school from which the child is then a truant.

(Italics ours.) The word "required" could refer to a duty placed upon the child. RCW 28A.27.100 states, in part:

> Attendance officers shall make complaint for violation of the provisions of RCW 28A.27.010 through 28A.27.130 *by any person eighteen years of age or over* to a justice of the peace, justice court judge or to a judge of the superior court.

(Italics ours.) The presence of the italicized clause implies that persons less than 18 years of age may violate the chapter's provisions.

disposition of a neglect petition.[2] *See* HB 1258, § 4. Because RCW 13.34 includes provisions permitting the court in certain instances to take a juvenile into custody (*see* RCW 13.34.050), HB 1258 made it clear that this power was not to be used to combat truancy.

There is added to chapter 13.34 RCW a new section to read as follows:

If the juvenile court has assumed jurisdiction over a juvenile under section 2 of this act, such an action shall not allow the court to take the juvenile into custody under RCW 13.34.050. The jurisdiction assumed by the court is limited to the sole function of developing, with the participation of the school, the juvenile, and the parent, a supervised plan for the juvenile's attendance at school.

HB 1258, § 3. The original bill thus did not grant the juvenile court jurisdiction to sanction truants themselves. Instead, it was aimed at the *parents* and involved the juvenile court solely to bring that court's expertise to bear on the truancy problem.

When HB 1258 was sent to the House Institutions Committee (*see* House Journal, 46th Legislature (1979), at 302), a substitute version, Substitute House Bill 1258 (SHB 1258), emerged. This bill, with some minor floor amendments, was the bill ultimately passed as ESHB 1258. The basic objectives and philosophy underlying the bill were unchanged; however, SHB 1258 was made part of RCW 28A.27 rather than RCW 13.34. *Compare* SHB 1258 *with* HB 1258. A second enforcement mechanism was also added, in the form of fines to be imposed under RCW 28A-.27.100. *See* SHB 1258, § 6. Since RCW 28A.27 nowhere provided for direct exercise of jurisdiction over truants themselves, that section of HB 1258 just quoted became unnecessary and so was deleted. *Compare* SHB 1258 *with* HB 1258.

---

[2]RCW 13.34.040 provides that a petition may be filed praying that the superior court deal with a dependent child. One basis for dependency is parental neglect. RCW 13.34.030(2)(b).

Comments made during the Legislature's consideration of SHB 1258 also indicate that it was not intended to change the purpose of granting juvenile court jurisdiction or the focus of the bill on parents. A committee staff memorandum comparing ESHB 1258 and Senate Bill 3026, a competing bill which would have permitted juvenile courts to take truants into custody under the dependency laws,[3] makes this particularly clear.

[ESHB 1258] does not approach the problem of truancy through the dependency laws; rather, it *places the responsibility upon the school and parents.*

ESHB 1258 requires the school to attempt to resolve the truancy through interaction with the parent and child by way of conferences, adjustment of the student's schedule, counseling, etc. . . . *The purpose of such jurisdiction is to get the court to facilitate a plan to get the child back in school.* Section 6 of this bill permits the court to fine *parents* $25 for each day of unexcused absence. (Currently, only a fine totalling $25 is permitted.)

(Italics ours.) Memorandum from W. Hagens, Research Analyst, House Institutions Committee to Representative B. Granlund, April 23, 1979. See also Memorandum from W. Hagens to Representative G. Struthers, Executive Chairman, House Institutions Committee and Representative M. Becker, Cochairman, February 26, 1979. Numerous additional comments made during the bill's consideration indicate that sanctions were to be imposed on parents, not children. *See* House Comm. on Institutions, 46th Legislature, *Committee Analysis of SHB 1258 as Enacted*; Senate Comm. on the Judiciary, 46th Legislature, *Committee Analysis of ESHB 1258 as of May 7, 1979*; State Archives, Recorded Proceedings of Senate Judiciary Committee

---

[3]This latter bill, though passed by the Senate (Senate Journal, 46th Legislature (1979), at 1262–63), was never acted upon by the House, presumably because of the passage of ESHB 1258. Still another bill which was rejected in favor of ESHB 1258 was Senate Bill 2496, which would have made habitual truancy a misdemeanor. See Memorandum from W. Hagens to Representative G. Struthers, Executive Chairman, House Institutions Committee and Representative M. Becker, Cochairman, February 26, 1979.

Hearing, May 2, 1979 (testimony of Bill Gales, Barbara Swenson, Karen Harris, and Lee Ozmun); Memorandum from B. Gales, Senior Counsel, Senate Judiciary Committee, to Senator G. Odegaard, April 27, 1979. There is no evidence that the bill was intended to subject truants themselves to direct juvenile court jurisdiction.

While legislative enactments must be construed so as to be effective (*State v. Bryan*, 93 Wn.2d 177, 183-84, 606 P.2d 1228 (1980)), we cannot say that a truancy law which focuses solely on parents is necessarily ineffective. Indeed, a number of witnesses who testified before the Senate Judiciary Committee during its consideration of ESHB 1258 suggested that truancy problems are in large part due to a lack of parental concern. See Recorded Proceedings of Senate Judiciary Committee Hearing, May 2, 1979 (testimony of Barbara Swenson, Karen Harris, and Bruce Clausen). In addition, many policy makers have recommended that juvenile court jurisdiction over truants be eliminated. *See, e.g.,* R. Kobetz & B. Bosarge, *Juvenile Justice Administration* 77-78 (1973). Several other states have apparently followed these recommendations. *See, e.g.,* Or. Rev. Stat. §§ 339.020, .090. We cannot say in the face of this evidence and authority that the approach suggested by the legislative history of RCW 28A.27.022 is so ineffective that the Legislature could not have intended it.

To summarize, RCW 28A.27 grants the juvenile court jurisdiction solely over the parents of truants, not the truants themselves. While the statute's language may be somewhat ambiguous, the legislative history of RCW 28A-.27.022 convincingly refutes the State's position. The Legislature has made an entirely defensible policy choice which, even were we so inclined, we are not at liberty to modify.

The court in the case at bar, therefore, had no jurisdiction to either impose fines on appellants or order them to attend school. This lack of jurisdiction renders both the fines and orders invalid. The money judgments against appellants must hence be reversed.

■ The invalidity of the orders to attend school does

not necessarily invalidate appellants' contempt citations, however. A court order which is merely erroneous must be obeyed despite the error and may not be collaterally attacked in a contempt proceeding. *Mead Sch. Dist. 354 v. Mead Educ. Ass'n,* 85 Wn.2d 278, 280, 534 P.2d 561 (1975). Disobedience of an order which is void, on the other hand, cannot constitute contempt. *Dike v. Dike,* 75 Wn.2d 1, 7-8, 448 P.2d 490 (1968). An order is void when the court "'lacks jurisdiction of the parties or of the subject matter, or . . . lacks the inherent power to make or enter the particular order involved'". *Dike,* at 7, quoting *Robertson v. Commonwealth,* 181 Va. 520, 536, 25 S.E.2d 352, 146 A.L.R. 966 (1943).

In the present case, the court below lacked jurisdiction. Its order was therefore void and appellants' citations for contempt must also be reversed.

WILLIAMS, C.J., STAFFORD, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.