[No. 20464–5–I.   Division One.   October 19, 1987.]

THE CITY OF BELLEVUE, *Petitioner,* v. BROOKS H. MONTGOMERY, *Respondent.*

*Susan R. Irwin, City Attorney,* and *Robert B. C. McSeveney, Assistant,* for petitioner.

*Thomas C. Bierlein* and *Lee, Smart, Cook, Martin & Patterson,* for respondent.

PER CURIAM.—The City of Bellevue seeks discretionary review of a decision on RALJ appeal affirming a Bellevue District Court dismissal of charges against Brooks Montgomery for driving while a habitual traffic offender, RCW 46.65.090. A commissioner referred the matter to the panel for consideration without further oral argument. We grant the motion for discretionary review, reverse, and remand for trial.

In June 1985, after a formal hearing, the Department of Licensing (DOL) found Montgomery to be a habitual traffic offender and revoked his privilege to drive for 5 years. Montgomery did not appeal the DOL decision. Then in 1986, Montgomery was arrested for unlawful operation of a motor vehicle by a habitual traffic offender in violation of RCW 46.65.090. Montgomery entered a plea of not guilty in Bellevue District Court. He thereafter moved to dismiss the charge, asserting that the DOL had used a constitutionally invalid conviction in finding him to be a habitual traffic offender. The district court granted Montgomery's motion, dismissing the case on the authority of *State v. Ponce,* 93 Wn.2d 533, 611 P.2d 407 (1980). The City of Bellevue appealed the dismissal to King County Superior Court, which entered a decision on RALJ appeal affirming the trial court decision, again citing *State v. Ponce, supra.*

On appeal, Bellevue contends that the trial court's and the superior court's reliance upon *Ponce* is misplaced and that, in fact, the decision conflicts both with *Ponce* and *Upward v. Department of Licensing,* 38 Wn. App. 747, 689 P.2d 415 (1984). We agree that the decision here conflicts with *Upward,* thus warranting review pursuant to RAP 2.3(d), and we reverse.

In *Ponce* the defendants Ponce and Ozuna were separately charged with being habitual traffic offenders. The Supreme Court, reversing the Court of Appeals, held that the defendants could collaterally attack the underlying convictions in the habitual traffic offender action. *Ponce* did not address the precise issue presented here.

*Upward* presented a different procedural setting. As here, the defendant in *Upward* had *previously* been determined to be a habitual traffic offender by the DOL and had chosen not to attack or appeal the use of his underlying convictions. Upward was subsequently charged with unlawful operation of a motor vehicle by a habitual offender. Upward moved to dismiss the criminal charge and filed a petition for writ of mandamus against the DOL, challenging the constitutionality of the previous traffic convictions. The court held that Upward, having failed to challenge the prior convictions at the habitual traffic offender hearing or to appeal the habitual offender finding, could not challenge them by extraordinary writ. The court also held that in a criminal proceeding the prosecution need only establish the defendant's operation of a motor vehicle during the efficacy of habitual offender determination and revocation; the prosecution need not prove the validity of offenses upon which the status of habitual traffic offender was based. *Upward,* at 752–53.

Thus, the charges against Montgomery here should not have been dismissed. Montgomery failed to avail himself of the opportunity to appeal the habitual traffic offender status following the DOL determination. Under the ruling of *Upward,* Montgomery may not collaterally attack prior convictions in the subsequent criminal proceeding for driving while a habitual traffic offender, and the prosecution need not prove the validity of the underlying convictions in the subsequent proceeding.

In his response to the motion for discretionary review, Montgomery contends that the matter is moot because his driving privilege has been reinstated. A case is not moot if a court can still grant effective relief. *State v. Turner,* 98

Wn.2d 731, 733, 658 P.2d 658 (1983). This case is not moot because the City of Bellevue can, upon remand, prosecute the charge of driving while a habitual traffic offender.

Reverse and remand for further proceedings.