# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73905-1-I | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| BRANDON BIGSBY, | ) | PUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: November 28, 2016 | |

SPEARMAN, J. — Under the Sentencing Reform Act, a trial court has authority to enforce the requirements of sentences that it imposes. The trial court sanctioned Brandon Bigsby for failing to meet a sentence requirement. Bigsby challenges the sanction, arguing that, because he was on community custody under the supervision of the Department of Corrections (DOC), only DOC had authority to sanction him. But, because the trial court also had authority to impose sanctions, we affirm.

## FACTS

Bigsby pleaded guilty to possession of a controlled substance. The trial court sentenced him to 75 days confinement and 12 months community custody under DOC supervision. As conditions of community custody, the trial court ordered Bigsby to obtain a chemical dependency evaluation and comply with

treatment recommendations. The court set a review hearing for August 5, 2015. The trial court informed Bigsby that it would issue a warrant for his arrest if he failed to appear for the hearing. The court also informed Bigsby that if, at the review hearing, he failed to produce paperwork showing that he had obtained a drug evaluation and begun treatment he would go back to jail for 30 to 60 days.

Bigsby received credit for time served and completed his term of confinement on May 27, 2015. Over the next two months, he violated several conditions of community custody. The DOC alleged that Bigsby absconded from supervision, used controlled substances, failed to report to his community corrections officer (CCO), failed to attend a training program, failed to complete a substance abuse treatment program, and failed to abide by monitoring for drug use. DOC took Bigsby into custody, found him guilty of all violations, and imposed a sanction of 18 days confinement.

Bigsby was serving this sanction on August 5, the day of his review hearing. He did not attend the hearing or communicate with the trial court. The court issued a bench warrant for his arrest.

DOC released Bigsby on August 10. Bigsby failed to report to his CCO and DOC took him back into custody until September 8. DOC then held Bigsby under the trial court's bench warrant.

On September 14, 2015, Bigsby appeared in court for a review hearing. He had not completed a chemical dependency evaluation or begun treatment. Bigsby argued that he would have gotten a drug evaluation as soon as he was released from DOC custody on August 10, if he had not been detained under the

trial court's bench warrant. He also argued that, because he was under the supervision of DOC, only DOC had authority under the Sentencing Reform Act (SRA) chapter 9.94A RCW to impose sanctions.

The trial court found that Bigsby violated the conditions of the judgment and sentence by failing to get a drug evaluation.[1] The court imposed a sanction of 30 days confinement and set another review hearing for December 14. The court stated that, if Bigsby was not yet in treatment by that time, it would set further periodic review hearings and impose sanctions for any noncompliance.

Bigsby served the sanction imposed. He failed to appear for the December 14 review hearing but appeared for a hearing on December 31. He has failed to appear for subsequent review hearings and a bench warrant for his arrest is outstanding.

## DISCUSSION

Bigsby appeals the trial court's sanction. He asserts that, under the 2008 amendments to the SRA, only DOC may enforce conditions of community custody.

As a preliminary matter, we note that Bigsby's appeal is moot because he has already served the sanction imposed by the trial court. See In re Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) (stating that a case is moot "if a court can no longer provide effective relief") (citing State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983)). But we may consider a moot issue if it involves a matter of

---

[1] Bigsby asserts that the trial court sanctioned him for failing to appear at the August 5 review hearing. Brief of App. at 4-5. This misconstrues the record. The trial court sanctioned Bigsby for failing to complete a chemical dependency evaluation.

"'continuing and substantial public interest.'" Id. (quoting Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). To determine whether an issue presents a matter of substantial public interest, we consider (1) whether the issue is of a public nature, (2) whether a determination is necessary to guide public officers, and (3) whether the question is likely to recur. Id.

Whether the trial court may sanction an offender on community custody is an issue that affects the public. It appears that Washington courts have not addressed the issue since the 2008 amendments to the SRA and a determination is necessary to provide guidance to public officers. The likelihood of recurrence is high, as even in this case Bigsby may face further sanctions. We conclude that Bigsby's appeal presents an issue of substantial and continuing public interest that warrants review.

Bigsby asserts that, under the SRA as amended in 2008, only DOC may sanction offenders who are under DOC supervision. The State contends that the trial court and DOC continue to have concurrent authority to impose sanctions, as they did prior to the 2008 amendments.

Interpretation of the sanction provisions of the SRA is a question of law that we review de novo. State v. Ashenberner, 171 Wn. App. 237, 246, 286 P.3d 984 (2012) (citing State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010)). Our goal in interpreting a statute is to discern and implement the intent of the legislature. Id. We discern legislative intent from the statute's plain language, related provisions, and the statutory scheme as a whole. Id. (citing State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)).

4

Bigsby relies on RCW 9.94A.6332, a 2008 amendment to the SRA that outlines procedures for imposing sanctions based on the sentencing scheme applicable to the offender's crime. After addressing several sentencing schemes not applicable here, the statute provides that "[i]n any other case, if the offender is being supervised by the department, any sanctions shall be imposed by the department . . . ." RCW 9.94A.6332(7). The statute further states that "[i]f the offender is not being supervised by the department, any sanctions shall be imposed by the court . . . ." RCW 9.94A.6332(8). Bigsby contends that by its plain language, RCW 9.94A.6332 only authorizes the trial court to impose sanctions when an offender is not under DOC supervision.

The State relies on RCW 9.94B.040(1), which authorizes the trial court to impose sanctions "[i]f an offender violates any condition or requirement of a sentence . . . ." The State asserts that, based on the previous version of this statute, this court determined that the trial court and DOC have concurrent jurisdiction to impose sanctions in State v. Gamble, 146 Wn. App. 813, 820, 192 P.3d 399 (2008).

In that case, the trial court sentenced Gamble to a term of community custody and imposed conditions related to substance abuse treatment. Id. at 815. Gamble violated the conditions and the trial court imposed a sanction. Id. at 815-16. The statutes governing Gamble's sentence expressly authorized DOC to impose sanctions but were silent as to the trial court's authority. Id. at 817. Gamble argued that the specific grant of sanctioning authority to DOC indicated that DOC was the only entity that could impose sanctions. Id.

This court considered Gamble's argument in light of former RCW 9.94A.634(1) recodified as 9.94B.040 (Laws of 2008, ch. 23, §56). Id. at 818. That statute expressly authorized the trial court to impose sanctions "[i]f an offender violates any condition or requirement of a sentence . . . ." Id. (quoting former RCW 9.94A.634(1)). The Gamble court held that this provision "unambiguously demonstrates that the superior courts retain authority ... to enforce the conditions of the sentences that they impose." Id. By expressly granting DOC authority to impose sanctions in specific circumstances, the legislature may have signaled that this was the preferred procedure in those cases. Id. at 818-19. But we determined that we could only conclude that DOC had sole sanctioning authority in those circumstances by ignoring former RCW 9.94A.634(1). Id. at 819. Giving effect to both statutory grants of authority, we held that the trial court and DOC have concurrent sanctioning authority. Id. at 820.

Former RCW 9.94A.634(1) was recodified as RCW 9.94B.040 as part of the SRA's 2008 amendments. Laws of 2008, ch. 23, §56. The text of the statute did not change. The statute states: "If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section." RCW 9.94B.040.

The State argues that Gamble controls in this case. It asserts that, just as former RCW 9.94A.634 authorized a trial court to impose sanctions under the previous provisions of the SRA, RCW 9.94B.040(1) authorizes a trial court to

impose sanctions under the current SRA.[2] Bigsby argues that Gamble does not control. He contends that the recodified statute, RCW 9.94B.040, only applies to crimes committed before the current community custody provisions took effect. We agree with the State.

Bigsby relies on RCW 9.94B.010(1), which states that ch. 9.94B RCW "codifies sentencing provisions that may be applicable to sentences for crimes committed prior to July 1, 2000." But, while the statute refers to pre-2000 offenses, it does not state that the chapter applies only to those offenses. By stating that the chapter "may be applicable," RCW 9.94B.010(1) is permissive as to pre-2000 offenses. See State v. Bartholomew, 104 Wn.2d 844, 848, 710 P.2d 196 (1985) (stating that, unlike the word "'shall,'" the word "'may'" indicates discretion or permission) (quoting, e.g., Crown Cascade, Inc., v. O'Neal, 100 Wn.2d 256, 668 P.2d 585 (1983)). And the statute is silent as to post-2000 offenses.

At oral argument, Bigsby also argued that RCW 9.94B.040 only applies to pre-2000 offenses because any other reading is incompatible with RCW 9.94A.6332. Chapter 9.94A.6332(7) states that "if the offender is being supervised by the department, any sanctions shall be imposed by the

---

[2] The State relies on Ashenberner, 171 Wn. App. 237, to support the proposition that Gamble continues to apply. The Ashenberner court relied on Gamble and RCW 9.94B.040(1) to conclude that the court has authority to impose sanctions for violation of a restitution order. Id. at 250. But the underlying crimes in that case were committed prior to July 1, 2000. Id. at 239. Ashenberner does not address whether RCW 9.94B.040(1) applies to crimes committed after that date.

department." Bigsby contends that reading RCW 9.94B.040(1) to authorize the trial court to impose sanctions renders RCW 9.94A.6332 meaningless.

We read the provisions of the SRA together. Ashenberner, 171 Wn. App. at 246 (citing Millay v. Cam, 135 Wn.2d 183, 199, 955 P.2d 271 (1990)). Where provisions of an act appear to conflict, we may discern legislative intent by examining the legislative history of the enactments. Gorman v. Garlock, Inc., 155 Wn.2d 198, 211, 118 P.3d 311 (2005) (citing Timberline Air Serv., Inc., v. Bell Helicopter-Textron, Inc., 125 Wn.2d 305, 312, 884 P.2d 920 (1994)).

In this case, the legislature provided statements addressing both applicability and intent. Laws of 2008, ch. 231, §6, §55. The legislature enacted the 2008 amendments to the SRA in 61 sections. Laws of 2008, ch. 231. The statutes at issue, RCW 9.94A.6332 and RCW 9.94B.040, were enacted in sections 18 and 56. Laws of 2008, ch. 231, §18, §56. Section 55 addresses applicability and states that "[s]ections 6 through 58 of this act apply to all sentences imposed or reimposed on or after August 1, 2009, for any crime committed on or after the effective date of this section." Laws of 2008, ch. 231, §55(1). The statement of intent specifies that "[s]ections 7 through 58 of this act are intended to simplify the supervision provisions of the sentencing reform act and increase the uniformity of its application. These sections are not intended to either increase or decrease the authority of sentencing courts or the department relating to supervision . . . ." Laws of 2008, ch. 231, §6.

We conclude that RCW 9.94B.040(1) applies to crimes committed after the 2008 amendments took effect and that those amendments did not divest the

trial court of authority to enforce the conditions of a sentence that it imposes. By granting specific sanctioning authority to DOC, the "legislature may ... have intended that this be the preferred procedure for enforcing community custody conditions . . . . " Gamble, 146 Wn. App. at 818-19. But as the SRA also expressly grants the sentencing court authority to impose sanctions, the trial court did not err in sanctioning Bigsby for failing to comply with sentence conditions.

In the event that he does not prevail, Bigsby requests that we deny any claim for costs of appeal. We may consider whether to impose appellate costs when the issue is raised in the appellant's brief. State v. Sinclair, 192 Wn. App. 380, 388-89, 367 P.3d 612 (2016) review denied, 185 Wn.2d 1034, 377 P.3d (2016) (citing RAP 14.4). When the trial court has determined that the appellant is indigent, indigency is presumed to continue throughout the appeal. Id. at 393.

The trial court determined that Bigsby was indigent. The State makes no argument concerning appellate costs and presents no evidence to rebut the presumption that Bigsby is indigent. We decline to award costs of appeal to the State.

*Affirmed.*

WE CONCUR:

9