IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JAMIE WALLIN, | ) | |
| | ) | No. 38544-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| PERCY NEWBY, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Jamie Wallin and Percy Newby resided on the same property in Thurston County for several years. The ownership of the property is unclear, although Wallin claims that he inherited the property when the title owner passed away. After a dispute between the parties erupted, Wallin attempted to evict Newby from the Property. Wallin asserts that because of this attempted eviction, Newby had been harassing him and intimidating him with a firearm. Newby alleges that Wallin was stealing from the property, and was otherwise harassing Newby. Wallin filed for an order of protection from Newby. Following a hearing on the matter and limited testimony, the trial court found Wallin more credible than Newby and ordered Newby to surrender his firearms and to stay 1000 feet from Wallin. After Newby appealed, this case was transferred to Division Three of the Court of Appeals from Division Two of the Court of Appeals,

during which time those orders expired. We dismiss Newby's appeal because the issues he raises are now moot.

BACKGROUND

Wallin petitioned for an anti-harassment order protecting him from Newby. A hearing was set and Thurston County Superior Court heard testimony from the parties. Wallin alleged several instances of harassment by Newby. He claimed that Newby removed Wallin's possessions from a storage container on the property and left them outside in front of Wallin's RV. Newby called the police on Wallin for attempting to access power on the property. Newby physically blocked Wallin from accessing the well house while armed with a firearm, and Newby locked Wallin out of the property.

Newby admitted some of the allegations and disputed others. He conceded that he unplugged Wallin's power, but stated it was to install a security system, not to harass Wallin. Both parties agreed there was an apiary on the Property. Wallin argued that two of the beehives in this apiary were his and that Newby took and repainted them. Newby argues that the two beehives are his, not Wallins. Newby concedes that he aided others in removing Wallin's possessions from a storage container on the property, and left those possessions under a tarp in front of Wallin's RV. He alleges that two other residents of the property locked Newby out of the property following multiple thefts by Wallin. Newby alleges that Wallin ground the locks off of a warehouse, and Newby called the police on Wallin. Newby denied filing an anti-harassment petition against Wallin on

2

November 2, 2020, but acknowledged that an earlier petition of his was denied for lack of evidence.

The court summarized the arguments of the parties. In that summary, the court stated that Newby had engaged in "'bully tactics'" regarding his court filings against Wallin. Report of Proceedings (RP) at 44. The court expressed its concerns that Newby had violated a previous no contact, no surveille order Wallin had against Newby. The court stated that it did not find Newby's testimony credible in general, and believed Wallin more particularly relating to the beehives. The court found that Newby engaged,

> [B]ased off of the totality of the circumstances, in behavior that is a knowing and willful course of conduct directed specifically at Mr. Wallin . . . which seriously alarms, annoys, or is detrimental and serves no legitimate or lawful purpose. And based off of the representation/presentation to this court today, it would be reasonable to believe that Mr. Wallin has suffered substantial emotional distress as a result of your behaviors.

RP at 45-46. The court then entered an order protecting Wallin from Newby for one year.

The court went on to find that Newby, more likely than not, attempted to menace or intimidate Wallin while Newby had a firearm on his person. The court held that, more likely than not, Newby presented a serious and immanent threat to public health and safety, and the health and safety of Wallin by possessing a firearm or other dangerous weapon. Accordingly, the court ordered Newby to surrender his firearms. The court ordered Newby to stay 1000 feet away from Wallin, which included all portions of the Property. The court stated Newby was to remove all of his possessions from the property

3

on November 28, 2020.  The protection order and the order to surrender the firearms

expired on November 25, 2021 and was not renewed.

## ANALYSIS

In his appellate brief, Newby raises 11 issues.  Specifically, Newby argues that the

trial judge committed error:

(1)  In not considering a Federal District case identifying the owner of the Property.
(2)  In finding Wallin credible when he stated he owned a storage container which Newby claims is Newby's.
(3)  In presuming Newby was harassing Wallin when Newby called the county sheriff on Wallin
(4)  In refusing to hear Newby's witnesses' testimony
(5)  When it told Newby he was barred from raising further issues related to this case for one year
(6)  When it ordered Newby to surrender his firearms
(7)  When it refused to consider Newby's counter claim for perjury
(8)  When it found Wallin more credible regarding testimony about the surveillance system Newby installed on the Property
(9)  When it decided to allow only 10 minutes to hear the case
(10)  When it assumed Newby had been properly served
(11)  When it found Wallin's testimony regarding the beehives more credible

These issues along with Newby's assignments of error pertain to the order for

protection and or to surrender firearms that expired on November 25, 2021.  Regardless

of the merits of Newby's issues, this court is incapable of granting relief from an expired

order.  The Supreme Court of Washington has held that:

A case is moot if a court can no longer provide effective relief.

4

No. 38544-2-III
*Wallin v. Newby*

Essentially the State asks us to answer questions that are no longer in controversy and to undo what the trial court accomplished some years ago. It is too late for an effective remedy in this case, and any expression of disapproval or approval of the action challenged would be "purely academic" and thus inappropriate.

*State v. Gentry*, 125 Wn.2d 570, 616-17, 888 P.2d 1105 (1995) (footnote omitted); *see also Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984) (citing *State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983); *In re Det. of Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983)).

Even if the issues raised in Newby's appeal were not moot, the issues he raises on appeal are insufficiently developed and argued for our court to provide relief. Newby is representing himself and is not an attorney. While we respect his efforts, as a pro se appellant, he is held to the same standards as attorneys and must comply with all procedural rules on appeal. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Failure to do so may preclude review. *State v. Marintorres*, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

Under RAP 10.3(a)(5), an appellate brief shall contain a "fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement." Newby's statement of the case fails to cite or refer to the record to support most of the propositions in his statement of the case. Many of the facts he alludes to are outside the record. When Newby does cite to the record, those citations do not comport with RAP 10.4(f) ("A

5

reference to the record should designate the page and part of the record."). *See*, *e.g.*, Br. of Appellant at 7.

An appellant must also provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a) (6). Here, Newby cites the Second Amendment to the United States Constitution and legal authority supporting the jurisdiction of this court, but makes only conclusory statements that the trial court abused its discretion and otherwise improperly deprived him of his rights. *See*, *e.g*., Br. of Appellant at 7-8. We need not consider arguments that are unsupported by meaningful analysis or authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 537-38, 954 P.2d 290 (1998); *see also State v. Rafay*, 168 Wn. App. 734, 843, 285 P.3d 83 (2012) (rejecting claim due to absence of meaningful argument or authority to support conclusory claim); *Marintorres*, 93 Wn. App. at 452 (appellate court need not consider pro se arguments that are conclusory). Because Newby has failed to set forth meaningful analysis and citations to relevant legal authority, we decline to address the issues he raises in his briefing.

Finally, Newby has improperly attempted here to introduce evidence under CR 60(b), instead of properly at superior court. Br. of Appellant at 6. The Court of Appeals is not a trial court, and we do not provide a second opportunity to argue and decide

No. 38544-2-III
*Wallin v. Newby*

disputed facts. "The power of this court is appellate only, which does not include a retrial here but is limited to ascertaining whether the findings are supported by substantial evidence or not." *Stringfellow v. Stringfellow*, 56 Wn.2d 957, 959, 350 P.2d 1003, 353 P.2d 671 (1960). Newby also asks this court to reweigh the evidence before the trial court. As an appellate court, we do not reweigh the evidence. *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002). We consider specific issues raised in the briefs that include citation to legal authority and references to the relevant portions of the record. RAP 10.3(a)(6).

Newby's appeal is dismissed as moot and otherwise noncompliant with the Rules of Appellate Procedure.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Pennell, J.

_____
Lawrence-Berrey, A.C.J.

7