[No. 50714–7.   En Banc.   December 13, 1984.]

JOHN W. ORWICK, ET AL, *Petitioners,* v. THE CITY
OF SEATTLE, *Respondent.*

*Hollowell, Pisto & Kalenius* and *O. W. Hollowell,* for petitioners.

*Douglas N. Jewett, City Attorney,* and *Philip M. King, Assistant,* for respondent.

BRACHTENBACH, J.—This is an appeal from the dismissal of petitioners' claims under CR 12(b)(1) and (6).

The three petitioners were each issued traffic citations by the Seattle Police Department for exceeding the speed limit. Radar was used in each instance to determine speed. Each petitioner requested a hearing to contest his citation; however, all three traffic citations were dismissed before a hearing was held. The reason for dismissal is not in the record.

Prior to the dismissal of their citations, petitioners filed a class action suit against the City of Seattle, requesting declaratory and injunctive relief and damages. They allege (1) that procedures used by the Seattle Municipal Court to adjudicate traffic citations violate RCW 46.63, the statute governing traffic infractions and (2) that significant numbers of motorists are wrongfully issued citations for speeding as the result of the use of inaccurate radar equipment by inadequately trained officers. Petitioners claim that the

Seattle Police Department is aware of the inaccuracy of its radar equipment. The legal theory under which petitioners are proceeding has yet to be made clear.

The City moved for dismissal under CR 12(b) for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. The trial court granted the City's motion. Petitioners had requested certification of the class; the trial court never ruled on this motion. Petitioners appealed the dismissal.

The Court of Appeals affirmed the decision of the trial court. *Orwick v. Seattle*, 37 Wn. App. 594, 682 P.2d 954 (1984). It ruled that the trial court did not have jurisdiction over petitioners' claim for injunctive and declaratory relief, but did have jurisdiction over petitioners' claim for damages. However, it ruled that the damage claim was properly dismissed because petitioners failed to allege malice, a necessary element of the tort of malicious prosecution.

The first issue is whether the superior court had jurisdiction to hear petitioners' claim for injunctive and declaratory relief. We hold that superior courts have original jurisdiction over claims for equitable relief from alleged system–wide violations of mandatory statutory requirements by a municipal court and from alleged repetitious violations of constitutional rights by a municipality in the enforcement of municipal ordinances.

The superior courts have broad and comprehensive original jurisdiction over all claims which are not within the exclusive jurisdiction of another court. Const. art. 4, § 6. Because of this specific constitutional grant of jurisdiction, exceptions to this broad jurisdiction will be read narrowly.

Under RCW 35.20.030, municipal courts have exclusive jurisdiction over all cases arising under a municipal ordinance. Inherent in this grant of power is the exclusive authority of the municipal court to hear and determine evidentiary and procedural issues which routinely arise in proceedings before it. An issue arises because petitioners sought to enjoin the use of radar evidence in all traffic infraction cases until the Seattle Police Department cor-

rected the alleged deficiencies. The Court of Appeals was correct in ruling that the municipal court has exclusive original jurisdiction over the admissibility of evidence in a contested hearing of a traffic citation. The appropriate remedy for error by the municipal court on an evidentiary ruling is through an appeal to the superior court. Petitioners conceded this point in oral argument.

However, a municipal court does not have exclusive original jurisdiction merely because the factual basis for a claim is related to enforcement of a municipal ordinance. The relevant consideration for determining jurisdiction is the nature of the cause of action and the relief sought. *Silver Surprize, Inc. v. Sunshine Mining Co.,* 74 Wn.2d 519, 522, 445 P.2d 334 (1968).

Here, petitioners allege system–wide violations of the statutory requirements in RCW 46.63 and state and federal constitutional violations. Petitioners' claim for injunctive and declaratory relief is based on their rights under a state statute and the state and federal constitutions. These claims do not "arise under" a municipal ordinance and, therefore, are not within the exclusive jurisdiction of the Seattle Municipal Court. Thus, the superior court has jurisdiction to hear petitioners' claim and jurisdiction to grant equitable relief, if appropriate. Whether the Seattle Municipal Court is a necessary defendant is not before us.

The circumstances under which a court will exercise its equitable powers are limited. Equitable relief is available only if there is no adequate legal remedy. *Tyler Pipe Indus., Inc. v. Department of Rev.,* 96 Wn.2d 785, 791, 638 P.2d 1213 (1982). However, under extraordinary circumstances a superior court may find it necessary to use its equitable powers to intervene in the administration of the municipal courts, *see State ex rel. Wallen v. Noe,* 78 Wn.2d 484, 485, 475 P.2d 787 (1970), or to prevent misconduct by the police. *Jacobsen v. Seattle,* 98 Wn.2d 668, 658 P.2d 653 (1983).

Although the superior court had jurisdiction to hear petitioners' claim for injunctive and declaratory relief, the

claim was properly dismissed because it was moot as to these petitioners. A case is moot if a court can no longer provide effective relief. *State v. Turner,* 98 Wn.2d 731, 733, 658 P.2d 658 (1983); *In re Cross,* 99 Wn.2d 373, 377, 662 P.2d 828 (1983).

In this case, the traffic citations issued to the petitioners have been dismissed. Any inconvenience to the petitioners due to allegedly incorrect procedures of the Seattle Municipal Court or the Seattle Police Department has already occurred and cannot be corrected by injunction. Nor can the petitioners suffer adverse collateral consequences from the mere issuance of traffic citations which have been dismissed. Petitioners' claim for damages provides a full remedy for their alleged injury.

This court generally will not review a case which has become moot. This is to avoid the danger of an erroneous decision caused by the failure of parties, who no longer have an existing interest in the outcome of a case, to zealously advocate their position.

We do make an exception for moot cases involving "matters of continuing and substantial public interest". *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). However, the moot cases which this court has reviewed in the past have been cases which became moot only after a hearing on the merits of the claim. *In re Cross, supra; In re Bowman,* 94 Wn.2d 407, 409–10, 617 P.2d 731 (1980); *In re Patterson,* 90 Wn.2d 144, 145, 579 P.2d 1335 (1978); *Northwest Trollers Ass'n v. Moos,* 89 Wn.2d 1, 2, 568 P.2d 793 (1977); *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 177, 532 P.2d 614 (1975); *Sorenson v. Bellingham, supra.* In those cases, the facts and legal issues had been fully litigated by parties with a stake in the outcome of a live controversy. After a hearing on the merits, it is a waste of judicial resources to dismiss an appeal on an issue of public importance which is likely to recur in the future.

In this case, however, petitioners' claim for declaratory and injunctive relief became moot before trial. Dismissal of their claim will not involve a waste of judicial resources and

will avoid the danger of allowing petitioners to litigate a claim in which they no longer have an existing interest.

This case is not before the court as a class action and we express no opinion as to the merits of the class claims. The trial court neither certified nor denied certification of the class. Petitioners made no assignment of error regarding the trial court's failure to certify the class and abandoned their class claim before the Court of Appeals.

■■ The final issue is whether the petitioners' claim for damages was properly dismissed under CR 12(b)(6). Dismissal for failure to state a claim may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief." *Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 961, 577 P.2d 580 (1978). Petitioners' factual allegations are presumed to be true for the purpose of this motion.

The legal basis for petitioners' claim is neither clear from the pleadings, nor has it been adequately developed in the briefs. However, petitioners' factual allegations appear to state some type of claim. This leads us to an evaluation of a CR 12(b)(6) motion and appellate review thereof.

CR 12(b)(6) authorizes a motion to raise the defense that the complaint fails to state a claim upon which relief can be granted. It is the successor to the common law or code pleading demurrer. The motion must be tested in light of CR 8(a)(1) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . .".

A claim for which relief can be granted is based upon facts which constitute invasion of a recognized legal right. Thus, on its face, a CR 12(b)(6) motion, tested against CR 8(a)(2), seemingly would challenge both the sufficiency of the alleged facts and the legal theory relied upon by the plaintiff. However, the interpretative cases have so narrowed the function of a CR 12(b)(6) motion that it has been concluded that CR 12(b)(6) motions should be granted "sparingly and with care." 27 Federal Procedure *Pleadings*

*and Motions* § 62:465 (1984); 5 C. Wright & A. Miller, *Federal Practice* § 1349, at 541 (1969).

As to the *facts,* the complaint survives a CR 12(b)(6) motion if *any* state of facts could exist under which the claim could be sustained. *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 297, 545 P.2d 13 (1975); *Corrigal v. Ball & Dodd Funeral Home, Inc., supra.* Because of pretrial procedures, including discovery and the summary judgment motion, this standard of testing factual allegations is adequate.

However, testing the *legal* theory of the complaint is another matter. The identification of a legal theory permits the matching of the elements of that theory against the alleged or hypothetical facts. Yet the federal courts, with an identical rule, have held that the complaint need not correctly identify the legal theory or theories which give rise to the claim. *Rathborne v. Rathborne,* 683 F.2d 914 (5th Cir. 1982); *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir. 1981); *Goldstein v. North Jersey Trust Co.,* 39 F.R.D. 363, 366 (S.D.N.Y. 1966); 5 C. Wright & A. Miller, *Federal Practice* § 1357 (1969). Indeed, it has been said that the trial court has a duty to examine the complaint to determine if the allegations provide for relief under *any possible theory, Thomas W. Garland, Inc. v. St. Louis,* 596 F.2d 784, 787 (8th Cir. 1979), and that "it is unnecessary to set out the legal theory upon which a claim is based." *Speed Auto Sales, Inc. v. American Motors Corp.,* 477 F. Supp. 1193, 1198 (E.D.N.Y. 1979).

This case illustrates the folly of the interpretation given CR 12(b)(6) by these cases. Here, the petitioners' complaint alleged the violation of a statute, and that the actions of the defendants were patently unjust, caused economic harm, impaired the public's perception of the legal system and violated the federal and state constitutions. How these allegations lead to a conclusion of relief for these petitioners is unstated. In their brief, petitioners claim that the defendant's actions are contrary to common notions of justice. These shotgun assertions hardly allow a trial court to

evaluate the potential merits of any legal theory and the elements thereof.

After the Court of Appeals categorized the claim as one of malicious prosecution, the petitioners, in their petition for review, added a conclusory theory of negligence. No analysis was made or authority cited. Finally, in oral argument before this court, a claim based upon false arrest was asserted for the first time.

Neither party has even suggested, much less analyzed, the question of the legal theories upon which petitioners proceed. Obviously this state of affairs is of no assistance to the trial or appellate court.

While we reverse to allow petitioners to pursue some damage claim, we point out the following principles:

1. The federal cases are of interest but not binding.

2. CR 12(b)(6) motions, as the rule is now written and so far interpreted, are very narrow in scope. If those motions are to serve a more effective and realistic purpose, CR 12(b)(6) should be examined and perhaps made more specific, by rule amendment, as to the statement of legal theories and their elements in order to test the alleged or presumed hypothetical facts.

3. Notwithstanding the foregoing, the Rules of Appellate Procedure are more specific and compliance will be expected hereafter. For example, RAP 10.3(a)(3) requires an identification of issues and (a)(5) requires citations to legal authority pertaining thereto. *See also* RAP 13.4(c)(5). This case is woefully lacking in compliance with the theory or spirit of these rules. To identify the issues without analysis of the underlying legal theory giving rise to the issues means that an adversary expects the court to research all possible theories of legal liability and apply them to the hypothetical facts. It is not the function of trial or appellate courts to do counsel's thinking and briefing.

Despite petitioners' inadequate briefing, their claim for damages survives. The Court of Appeals erred when it dismissed petitioners' claims for malicious prosecution under CR 12(b)(6) for failure to allege malice.

■ Malice is a necessary element of the tort of malicious prosecution. *Bender v. Seattle,* 99 Wn.2d 582, 593, 664 P.2d 492 (1983); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 497, 125 P.2d 681 (1942). However,

> [T]he requirement that malice be shown as part of the plaintiff's case in an action for malicious prosecution may be satisfied by proving that the prosecution complained of was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff.

(Italics omitted.) *Bender,* at 594, quoting *Peasley,* at 502. Petitioners allege intentional, patent violations of RCW 46.63 by the Seattle Municipal Court. They also allege continuing and systematic violations of motorists' constitutional rights, by the Seattle Police Department, with the knowledge of the Department's administration. If proven, these continuing violations constitute reckless disregard for petitioners' rights and create an inference of malice. Given the liberality of pleading and construction in favor of the nonmoving party these allegations are sufficient, though barely, to survive a motion to dismiss for failure to state a claim.

In conclusion, the superior court had jurisdiction to hear petitioners' claim for injunctive and declaratory relief, even though their claims related to the City's enforcement of its traffic ordinances. However, the petitioners' claims for equitable relief are moot. The dismissal of petitioners' claim for damages was improper, despite petitioners' failure to develop adequately the legal basis for their claim.

The trial court's dismissal of petitioners' claims for equitable relief is affirmed. The dismissal of petitioners' claim for damages is reversed.

WILLIAMS, C.J., and UTTER, DOLLIVER, DORE, DIMMICK, PEARSON, and ANDERSEN, JJ., concur.