206 P.3d 1271 (2009)
FEDERAL WAY SCHOOL DISTRICT NO. 210, Appellant,
v.
David VINSON, Respondent.
No. 61752-4-I.
Court of Appeals of Washington, Division 1.
May 18, 2009.
Jeffrey Ganson, Rachel Edmonds Miller, Seattle, WA, for Petitioner.
Tyler K. Firkins, Van Siclen Stocks & Firkins, Auburn, WA, for Respondent.
APPELWICK, J.
¶ 1 This court initially had jurisdiction to hear the District's appeal through a statutory writ of review pursuant to RCW 7.16.040. After the parties submitted briefing, they *1272 settled. Because there is nothing to determine on the merits, this court lacks jurisdiction to entertain the writ. We grant the motion to dismiss.

FACTS
¶ 2 The Federal Way School District issued David Vinson a notification of probable cause for discharge, but the hearing officer determined that Vinson's conduct did not constitute sufficient cause for discharge. Accordingly, the hearing officer awarded to Vinson attorney fees incurred in the underlying hearing in the amount of $38,773.67.
¶ 3 The District appealed to King County Superior Court for a writ of review pursuant to RCW 7.16.040. The court issued the writ. It then found that that the District had failed to meet the requirements for a grant of statutory certiorari and denied the writ. The District sought review by this court of the trial court's order and judgment denying the writ and affirming the decision of the hearing officer. The parties settled shortly thereafter. Vinson filed a motion to dismiss the case as moot.[1]

DISCUSSION
¶ 4 A case is moot if a court can no longer provide effective relief. Orwick v. City of Seattle, 103 Wash.2d 249, 253, 692 P.2d 793 (1984). Vinson originally sought reinstatement and attorney fees. The District originally sought to overturn the decision of the hearing officer that there was not sufficient cause for discharge. Because Vinson no longer seeks reinstatement and waives his award of attorney fees, this court cannot provide effective relief to the parties. The case is moot.
¶ 5 The District, nevertheless, contends that the issue on the merits presents an issue of public interest. An appellate court, at its discretion, may decide an appeal that has otherwise become moot when it involves matters of continuing and substantial public interest. Westerman v. Cary, 125 Wash.2d 277, 286-87, 892 P.2d 1067 (1994).
¶ 6 Even if we were inclined to decide this issue on the merits as an issue of continuing and substantial public interest, we lack jurisdiction to do so. Our jurisdiction to hear this case stems from the statutory writ of review, which is narrowly drawn:
The questions involving the merits to be determined by the court upon the hearing are:
. . .
(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.
RCW 7.16.120. Because the parties settled, no question of prejudice to the District is presented.
¶ 7 We grant the motion to dismiss.
WE CONCUR: DWYER, A.C.J., and LEACH, J.
NOTES
[1] The commissioner ruled that issue of mootness was to be argued at the hearing on the merits.