FILED
11/29/2021
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. ALFONSO V. SENIOR, JR., Appellant. | No. 82879-7-I DIVISION ONE UNPUBLISHED OPINION |

PER CURIAM — Alfonso Senior was sentenced in 2011 based on an offender score of "6," which included three points for out-of-state drug possession convictions. He appeals the superior court's rulings denying his request for resentencing pursuant to State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). The State concedes that Senior is entitled to resentencing with a reduced offender score. The State also concedes that to the extent the superior court's treatment of Senior's resentencing request did not comply with CrR 7.8(c),[1] judicial economy is best served by remanding for resentencing rather than for further consideration under CrR 7.8. We accept the State's concessions and remand to the superior

---

[1] Under CrR 7.8(c)(2), the superior court *must* transfer a motion for relief from a final judgment to the Court of Appeals for consideration as a personal restraint petition "unless the court determines that the motion is not [time] barred . . . and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing." "If for any reason the superior court does *not* transfer the collateral attack to the Court of Appeals, then the superior court 'shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted.' " State v. Molnar, No. 98864-1, slip. op. at 8 (Wash. Oct. 28, 2021), https://www.courts.wa.gov/opinions/pdf/988641.pdf (quoting CrR 7.8(c)(3)).

Citations and pin cites are based on the Westlaw online version of the cited material.

court to resentence Senior with an offender score that comports with Blake and with this court's later decision in State v. Markovich, ___ Wn. App. ___, 492 P.3d 206, 210 (2021) (holding that under Blake, out-of-state possession convictions cannot be included in an offender score because they are not comparable to any valid Washington offense).

In a statement of additional grounds for review (SAGR), Senior argues that the superior court erred in denying his request for an exceptional sentence below the standard range. Because we remand for resentencing under Blake and because the remedy Senior requests is resentencing, this ground for review is moot, and we need not consider it. See Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984) (issue is moot "if a court can no longer provide effective relief"). On remand, Senior will be free to renew his request for an exceptional sentence downward.[2]

Senior also argues in his SAGR that resentencing should take place before a different judge because the judge who denied Senior's request for resentencing "used to be a King County prosecutor when they found Mr. Senior guilty of murder in . . . King County," "[i]t's clear on record that she worked for the King County prosecutor's office for 20 years," and it "seems like her loyalty still resides there." But the judge's status as a former prosecutor is not enough to establish judicial bias, and Senior points to no evidence of the judge's bias other than his

---

[2] We decline to issue an advisory opinion on the merits of such a request.

2

dissatisfaction with the judge's rulings.  Reassignment is not warranted.[3]  See In re Pers. Restraint of Davis, 152 Wn.2d 647, 692, 101 P.3d 1 (2004) (holding that petitioner failed to establish bias where he "has not provided specific facts establishing that the trial judge had a personal bias against him" and observing, "Judicial rulings alone almost never constitute a valid showing of bias.").

Remanded for further proceedings consistent with this opinion.

Dwyer, J.

Andrus, A.C.J.

Mann, C.J.

---

[3] To the extent Senior contends it was error for the judge not to disqualify herself under RCW 4.12.050, that contention fails because Senior did not seek disqualification until after the judge entered an order denying, without prejudice, Senior's CrR 7.8 motion to correct his sentence in light of Blake.  See RCW 4.12.050(1)(a) ("Notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case.").