IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Guardianship of: | ) | No. 82316-7-I (Consolidated |
| | ) | with No. 82317-5-I) |
| D.F.R., and D.C.R., | ) | |
| | ) | DIVISION ONE |
| Alleged incapacitated | ) | |
| Persons. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |

HAZELRIGG, J. — Sarah Riley[1] appeals from orders appointing Rebecca Riley guardian of Sarah's two minor children, D.F.R. and D.C.R. She alleges: (1) guardianship was the improper statutory vehicle for the action because there are insufficient procedural safeguards to protect her fundamental right to parent, (2) substantial evidence does not support the determination that guardianship was in the children's best interests, (3) the court erred in granting the guardianship petition of one child when that child was not present at the guardianship hearing, (4) the appointment of the Guardian Ad Litem (GAL) was improper because he was not free from influence, and (5) her due process rights were violated when she was not properly served prior to the appointment of the GAL in the guardianship proceeding. Subsequent to the filing of this appeal, but prior to oral argument, the trial court granted the emancipation petitions of D.F.R. and D.C.R. in separate

---

[1] Because the parties share a last name, we refer to them by their first names. No disrespect is intended.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

proceedings, which functionally terminated the guardianships which were based solely on age. Because this court can no longer provide effective relief, we decline to reach the merits of any of Sarah's claims and dismiss the appeal as moot.

FACTS

In September 2020, Rebecca Riley filed petitions for guardianship of her minor niece and nephew pursuant to former chapter 11.88 RCW (2020). A hearing was held on December 23, 2020, after which the superior court appointed Rebecca guardian of the children's persons and estates. Sarah Riley, the children's mother, timely appealed. At oral argument before this court on January 20, 2022, the parties informed the panel that both minor children had petitioned for emancipation on November 23, 2021 and that the trial court granted the petitions on January 3, 2022. The parties failed to submit documentation of this change to the panel prior to oral argument on appeal. This court sua sponte granted permission under RAP 7.2 to seek an order terminating the guardianship and further directed the parties to supplement the record on appeal with the relevant pleadings from the emancipation proceedings.

ANALYSIS

I.      Mootness

Once the emancipation petition was granted, the guardianships were effectively terminated as a matter of law, though the trial court delayed entering orders terminating the guardianships because this appeal was pending.

Any minor 16 years of age or older may petition "for a declaration of emancipation." RCW 13.64.010. If the petition is granted, the minor has "the power and capacity of an adult." RCW 13.64.060. Here, the sole basis for the guardianships was the age of Sarah's children. The orders on emancipation provide them with all the rights of a legal adult, despite their age. Although the parties concede the case is moot, Sarah asks this court to reach the merits of her first assignment of error under the continuing and substantial public interest exception to mootness.

As a general rule, we decline to issue decisions if a case is moot. In re Marriage of Horner, 151 Wn.2d 884, 891, 93 P.3d 124 (2004). "'A case is moot if a court can no longer provide effective relief.'" Id. (quoting Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). However, if a case presents "matters of continuing and substantial public interest," we may exercise our discretion and decide an otherwise moot issue. Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). In determining whether there is a continuing and substantial public interest, we consider "'(1) whether the issue is of a public or private nature,'" (2) whether it "'is desirable to provide future guidance to public officers,'" and "'(3) whether the issue is likely to recur.'"[2] Horner, 151 Wn.2d at 892 (quoting Westerman, 125 Wn.2d at 286).

The guardianships at issue here, which were solely based on the fact that the children were minors, have effectively been terminated and the children are legally emancipated. Additionally, guardianship over the children had been

---

[2] We also consider the level of advocacy and the likelihood the issue will escape review. Homer, 151 Wn.2d at 892. Neither are pertinent here.

established under former chapter 11.88 RCW, which has been repealed. LAWS OF 2020, ch. 312, § 904. It was replaced by the Uniform Guardianship, Conservatorship, and Alternatives Act. See Ch. 11.130 RCW. The new statutory framework contains additional safeguards to protect the fundamental right to parent, such as requiring additional findings[3], providing for the appointment of counsel for an indigent parent[4], and explicitly noting the guardian has parental powers and duties[5]. Accordingly, the issues presented in this appeal are unlikely to recur, and there is no need for this court to provide guidance on a statute that has been superseded.

The appeal is dismissed as moot.

WE CONCUR:

---

[3] RCW 11.130.185
[4] RCW 11.130.200
[5] RCW 11.130.235