IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Adoption of | ) | |
| | ) | No. 36933-1-III |
| B.Z. | ) | (Consolidated with |
| | ) | 36934-0-III) |
| A minor child. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

STAAB, J. — B.Z. is a minor child with special needs who was placed with his foster parents at birth. After parental rights were terminated, B.Z.'s paternal grandparents, Karl and Nancy Zacher, petitioned to adopt him. In a separate but parallel proceeding, B.Z.'s foster parents also petitioned for adoption. The Zachers' petition was denied by the trial court after finding that adoption by the Zachers was not in B.Z.'s best interest. Several months later the foster parents' adoption petition was granted, and B.Z. was legally adopted by his foster parents.

The Zachers appeal the denial of their petition. The Department of Children, Youth, and Families (Department) filed a motion to dismiss the appeal as moot. The Department contends that the Zachers' appeal is moot because B.Z. has been legally

adopted in a separate proceeding that is not before this court and has become final. We agree and grant the Department's motion to dismiss the Zachers' appeal as moot.

BACKGROUND

The facts are largely taken as unchallenged verities from the trial court decision memoranda. Other facts are gleaned from the exhibits and report of proceedings.

The minor child, B.Z., was born mid-March 2016 with neonatal abstinence syndrome. He tested positive for opiates, amphetamines and methadone. He exhibited withdrawal symptoms requiring morphine intervention therapy. He exhibited muscle tone issues, feeding problems, jitteriness, hyper alertness, and increased irritability. He required ongoing monitoring for further signs of withdrawal and respiratory depression. He requires a low stimulus environment and cannot withstand overhead lighting or noise. His biological mother's birth toxicology screen indicated positive for methamphetamine, amphetamine, ecstasy, Oxycodone, and methadone. She also admitted to using heroin within six or seven days before B.Z.'s birth.

Upon investigation, the Department learned that B.Z.'s birth father, E.Z., had extensive criminal history between 2006 and 2016. The Department also learned that W.L., B.Z.'s birth mother, had an extensive criminal history.

Based on the imminent risk of harm to B.Z. in the home of his biological parents, the Department moved for emergency placement pursuant to RCW 74.15.030. A shelter

2

care hearing took place on March 25, 2016 at which time the Zachers were denied

emergent placement. B.Z. was placed with his foster family after release from the

hospital. The Zachers intervened in the dependency.

A Department home study of Nancy and Karl Zacher took place in early August

2016 resulting in placement denial. Six months later, a petition for termination of

parental rights was filed under superior court cause No. 17-7-00312-6. The parental

rights of B.Z.'s mother and father were terminated in late March 2018. B.Z. has never

lived with the Zachers and the Zachers have never spent unsupervised time with him.

Karl and Nancy Zacher filed a petition for adoption of B.Z. on March 30, 2018.

The foster parents also filed a petition for adoption. The parallel proceedings were

treated separately by the court, and neither party was allowed to intervene in the other

party's petition. The court clarified it would issue a decision on both petitions, after

separate hearings on each petition had been completed. The court was clear that it did

not consider the two petitions in competition, but rather would decide both petitions

based on the best interest of B.Z.

A final hearing on the Zachers' petition occurred March 11, 2019. The

Department did not consent to the Zachers' petition. The Department identified safety

concerns associated with the Zachers regarding their son's criminal history, substance

use, and law enforcement involvement in their home. As a result of the Department's

lack of consent, the Zachers carried the burden of proving by clear, cogent, and

convincing evidence that their petition was in the best interest of B.Z. The court

concluded that the Zachers had failed to meet this evidentiary burden and denied their

petition.

In its memorandum order denying the Zachers' adoption petition, the court

commented on their personal and professional accomplishments in "giving back" to the

community and raising three adult children. The court also acknowledged their love and

hard work to establish a relationship with B.Z. within the limitations of supervised

visitation. However, the court concluded that the Zachers did not have the consent of the

Department as required for adoption.

> [The Zachers] have shown the Court that they are generous, that they are
> well set financially, in good health, and have a nice home where they
> reside, and presumably, where [B.Z] would reside if placed with them.
>
> That said, the Zachers did not even address this Court's ultimate mandate at
> trial . . . the best interest of [B.Z.], and the testimony this Court heard failed
> in all respects to satisfy the evidentiary burden set forth at RCW 26.33.
> Better said, this case is about [B.Z.], his right to a stable home and a speedy
> resolution of this matter. [B.Z.] has resided exclusively with his foster
> parents since his initial placement there shortly after his birth more than
> three years ago.
> . . . .
> Here, there is simply no evidence by the Zachers at hearing that establishes
> in a manner which is clear, cogent and convincing that an adoption by Karl
> and Nancy Zacher of the minor child, [B.Z.], is in the minor child's best
> interest.

Clerk's Papers (CP) at 197.

4

After their motion for reconsideration was denied, the Zachers appealed both the denial of their petition and the motion for reconsideration. The foster parents' adoption petition was granted in August 2019. The Zachers did not appeal the court's decision to deny either party the right to intervene in the petition of the other.

ANALYSIS

The Department moves to dismiss the Zachers' appeal as moot. The Department contends that even if we were to decide the merits of the Zachers' appeal, we cannot provide a remedy because B.Z. has been legally adopted in another proceeding which is not before this court. We agree and grant the Department's motion to dismiss.

Shortly after the Zachers' adoption petition was denied, the adoption of B.Z. by his foster parents was granted and became final. The Zachers did not seek to intervene in that adoption.[1] The Department argues that "[a] finalized adoption decree cannot be vacated by this Court due to procedural deficiencies or errors. *See In re Adoption of R.L.M,* 138 Wn. App. 276, 283, 156 P.3d 940 (2007); *see also* RCW 26.33.260 (adoption decrees are final from the date of entry)." Resp't Br. at 13. Direct challenge to the foster parents' adoption is now time barred.

---

[1] Grandparents have standing to intervene in the post termination adoption of their grandchildren by third parties so long as statutory requirements are met, but they do not have preferential status. *In re Adoption of B.T.,* 150 Wn.2d 409, 419, 78 P.3d 634 (2003).

Under RAP 18.9(c), we may dismiss an appeal if it is moot. Generally, this court will not review a moot case since effective relief can no longer be provided. *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). The Zachers contend that even if the appeal is moot, it is still reviewable because it presents an issue of continuing and substantial public interest. *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Three factors are determinative of whether a case presents issues of continuing public interest with two additional factors potentially coming into play. *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004). Those factors in order are:

> (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. A fourth factor may also play a roll: the level of genuine adverseness and the quality of advocacy of the issues. Lastly, the Court may consider the "likelihood that the issue will escape review because the facts of the controversy are short-lived."

*Id.* (quoting *City of Seattle v. State*, 100 Wn.2d 232, 250, 668 P.2d 1266 (1983) (Rosellini, J., dissenting); *see also Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 448-49, 759 P.2d 1206 (1988).

This case is moot. Child adoption is strictly controlled by statute and heavily dependent on the specific factual circumstances of each case. *In re Adoption of B.T.,* 150 Wn.2d 409, 416, 420, 78 P.3d 634 (2003). Nothing in this case indicates that judicial

6

officers need more guidance to exercise their discretion as to the issue of a child's best interest.

Here, the Zachers appeal the denial of their petition for adoption. However, they do not appeal the foster parents' adoption decree. The Zachers argue that the remedy, if they prevailed on appeal, would be vacation of the foster parents' adoption decree. The Zachers are incorrect. The foster parents' adoption decree is not before us, and we therefore cannot vacate it.

The Zachers cite *In re Adoption of M.* and *In re Adoption of Hope* to support their position that vacation of the foster parents' adoption decree is the proper remedy. 66 Wn. App. 475, 832 P.2d 518 (1992); 30 Wn.2d 185, 191 P.2d 289 (1948). Neither case provides support for the Zachers' argument. *In re Adoption of M.* concerned the applicability of the Indian Child Welfare Act to the case. 66 Wn. App. 475. Further, in *In re Adoption of Hope*, a father challenged the final adoption decree of his children entered without his consent. 30 Wn.2d 185, 193. Neither of these cases provide support for the Zachers' contention that, even though they are not directly challenging the foster parents' adoption decree, vacation of the decree is the proper remedy here.

In the present case, two petitions for adoption were filed close in time by different parties following dependency and termination proceedings in which both the Zachers and the foster parents were deeply involved. The court determined that the petitions would be heard separately without joinder or intervention. The Zachers do not appeal that ruling.

No. 36933-1-III (Consol. with 36934-0-III)
*In re the Adoption of B.Z.*

Joinder or intervention in adoptions is permissive and discretionary. CR 24(b)(2); *In re Adoption of M.J.W.*, 8 Wn. App. 2d 906, 917, 438 P.3d 1244 (2019) (permissive intervention allowed where paternal and maternal grandmothers filed competing adoption petitions). However, neither occurred here. The separate parallel procedural tracks between the two adoptions as occurred here is unlikely to recur regularly, and nothing here indicates that such was erroneous. Mere theoretical possibility of repetition of error is not enough to overcome mootness. *Hart*, 111 Wn.2d at 452. The Zachers' adoption petition was heard first and denied. Shortly thereafter, the foster parents' petition, which had the Department's consent, was granted.

We grant the Department's motion to dismiss the appeal as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, A.C.J.

8