**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Interest of: | DIVISION ONE |
| | No. 84938-7-I |
| A.S.A. | UNPUBLISHED OPINION |

DWYER, J. — A.A. appeals a juvenile court decision granting his daughter's child in need of services (CHINS) petition for out-of-home placement. He contends the order violated due process, the court failed to address his placement request, and the court failed to file a written statement of reasons for granting the petition. Because the challenged order has expired, we dismiss the appeal as moot.

I

A.A. is the father of 15-year-old A.S.A. On November 7, 2022, A.S.A. filed a CHINS petition requesting placement outside his home. A.S.A. asked to be placed with Linda Zemler, who had previously served as A.S.A.'s mentor through an after-school program. A.S.A. lived with Zemler while the petition was pending. A.A. objected to the petition in its entirety and stated that he wanted A.S.A. returned to his home. A.A. also opposed A.S.A's request for placement with Zemler and requested that A.S.A. be placed with her paternal aunt.

On January 19, 2023, following a fact-finding hearing, the juvenile court granted A.S.A.'s request for a 90-day out-of-home placement with Zemler. The order specified that a review hearing "shall be held" on March 30, 2023. A.A. appealed the CHINS order. On August 3, 2023, the juvenile court entered an order continuing out-of-home placement "until 9-26-23, at which time it will expire and the minor shall be returned home absent other court order to the contrary."

II

RCW 13.32A.190(3) states that "[o]ut-of-home placement may not be continued past one hundred eighty days from the day the review hearing commenced." Here, the juvenile court's statutory authority over the CHINS matter ended on September 26, 2023, 180 days after the scheduled review hearing on March 30, 2023. Accordingly, this appeal is moot. See In re Dependency of L.C.S., 200 Wn.2d 91, 98, 514 P.3d 644 (2022) (a case is moot when the appellate court can no longer provide effective relief).

We do not typically review moot cases. Orwick v. City of Seattle, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). However, we may review an otherwise moot case if it presents an issue of "continuing and substantial public importance." In re Dependency of T.P., 12 Wn. App. 2d 538, 545, 458 P.3d 825 (2020). "To determine whether the contested issue is of substantial and continuing public importance, we consider whether '(1) the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.'"

T.P., 12 Wn. App. 2d at 545 (internal quotation marks omitted) (quoting In re Marriage of Horner, 151 Wn.2d 884, 892, 93 P.3d 124 (2004)).

The father acknowledges that the CHINS order has expired, but argues that we should consider his appeal as a matter of continuing and substantial public interest. We disagree. The appeal is more private than public, dealing with fact-specific matters in this case. And although it is possible that the challenged issues may recur, the current statutes and applicable case law give sufficient guidance to public officers. Notably, it is well settled that a CHINS petition does not implicate the same due process rights furnished in shelter care and dependency hearings. In re Sumey, 94 Wn.2d 757, 762, 621 P.2d 108 (1980).

We therefore dismiss the appeal as moot.

Dismissed.

Dwyer, J.

WE CONCUR:

Feldman, J.          Birk, J.