**FILED**
**OCTOBER 3, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WASHINGTON BUSINESS PROPERTIES ASSOCIATION, a Washington Nonprofit Corporation, | ) ) ) ) | No. 39988-5-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | ) ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Washington Business Properties Association

(WBPA) appeals the trial court's order granting judgment on the pleadings, thereby

dismissing WBPA's challenge to the constitutionality of RCW 59.18.660, the "Eviction

Resolution Pilot Program" (ERPP).  By its terms, the statute expired on July 1, 2023.

We decline to review WBPA's challenge because the expiration of the statute renders this controversy moot, and because the factors for reviewing moot controversies do not weigh in WBPA's favor.

FACTS

In 2021, the legislature enacted Engrossed Second Substitute Senate Bill 5160 in response to a growing eviction crisis. The legislature described why it enacted the legislation:

> [T]he COVID-19 pandemic is causing a sustained global economic slowdown, and an economic downturn throughout Washington [S]tate with unprecedented numbers of layoffs and reduced work hours for a significant percentage of our workforce. Many of the [S]tate's workforce has been impacted by these layoffs and substantially reduced work hours and have suffered economic hardship, disproportionately affecting low and moderate-income workers resulting in lost wages and the inability to pay for basic household expenses, including rent. Hundred of thousands of tenants in Washington are unable to consistently pay their rent, reflecting the continued financial precariousness of many renters in the state. . . . Because the COVID-19 pandemic has led to an inability for tenants to consistently pay rent, the likelihood of evictions has increased, as well as life, health, and safety risks to a significant percentage of the [S]tate's tenants.

Engrossed Second Substitute S.B. 5160, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* LAWS OF 2021, ch. 115, § 1.

The enactment, codified under RCW 59.18.660, was known as the Eviction Resolution Pilot Program (ERPP). The ERPP required landlords to participate in an

2

"eviction resolution program" before filing an unlawful detainer action for nonpayment of rent. RCW 59.18.660(2). The legislature charged dispute resolution centers, situated in each county, with administering the program. RCW 59.18.660(1). Until such a center certified a plaintiff-landlord's participation in the program, the statute prevented any trial court from hearing that landlord's unlawful detainer action for nonpayment of rent. RCW 59.18.660(5). Following the legislature's enactment, every superior court in Washington promulgated standing orders effectuating the statute. By its terms, RCW 59.18.660 expired July 1, 2023. RCW 59.18.660(9).

In 2022, WBPA petitioned in Spokane County Superior Court to declare RCW 59.18.660 unconstitutional. WBPA argued the statute (1) interfered with trial courts' original jurisdiction over real property disputes, (2) violated the separation of powers doctrine, (3) impermissibly interfered with landlords' access to courts, (4) violated landlords' due process and equal protection rights, and (5) violated the nondelegation doctrine.

The State answered WBPA's complaint, and successfully moved for a judgment of dismissal on the pleadings under CR 12(c).

WBPA timely appeals.

No. 39988-5-III
*Wash. Bus. Props. Ass'n v. State*

ANALYSIS

The State argues that WBPA's appeal is moot and should be dismissed. An appeal is moot where the court hearing the appeal "can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). The parties do not dispute that the appeal is moot.

Notwithstanding mootness, a court may hear an appeal where the case presents a question of "continuing and substantial public interest." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Under this standard, the WBPA urges us to review its constitutional arguments. We decline to do so.

When determining whether an otherwise moot case presents a question of continuing and substantial public interest, courts consider (1) the public relevance of the question, (2) the benefit of a judicial determination for policymaking purposes, and (3) the likelihood of the question recurring. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 152, 437 P.3d 677 (2019).

The 2021 legislature adopted a novel approach to reduce the severity of housing insecurity caused by a once-in-a-century pandemic. This is the only time in our State's 135-year history that unlawful detainer actions have been conditioned upon a landlord's participation in mediation. Given the unlikelihood that the circumstances precipitating

4

No. 39988-5-III
*Wash. Bus. Props. Ass'n v. State*

this measure will recur in our lifetimes, the first and third factors noted above outweigh

any benefit a judicial determination could provide policymakers, and we dismiss the

appeal as moot.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Pennell, J.